**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3346
_____

W.R.R.,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A207-054-101)
Immigration Judge: Mirlande Tadal
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 19, 2024

Before: JORDAN, BIBAS, and AMBRO, *Circuit Judges*

(Filed: January 23, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Petitioner W.R.R. is a native and citizen of the Dominican Republic. After arriving here illegally as a toddler, Petitioner got Deferred Action for Childhood Arrivals status. As an adult, Petitioner pleaded guilty to a felony after stealing a car and fleeing from the police. N.J. Stat. Ann. §2C:29-2(b). For that crime, Petitioner was sentenced to eight years' imprisonment. When the government sought deportation, Petitioner admitted removability but sought asylum, withholding of removal, and protection under the Convention Against Torture, claiming a fear of gang violence. Petitioner also later testified about fearing persecution as a bisexual person.

The immigration judge denied all relief. She held that because the latest conviction counted as a "particularly serious crime," Petitioner was ineligible for asylum or withholding. 8 U.S.C. §§1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii). And no evidence suggested that gang members were more likely than not to torture Petitioner based on sexual orientation or that the Dominican government would acquiesce in any such torture. So the immigration judge ordered removal.

Petitioner appealed to the Board of Immigration Appeals. In applying for relief, Petitioner had said he was male. But on appeal, Petitioner moved to remand the Convention claim, alleging for the first time fear based on being not only bisexual, but also both a man and a woman. In support, Petitioner submitted hundreds of pages of supposedly previously unavailable evidence about Petitioner's gender identity and sexual orientation. But Petitioner never asked for another hearing or to testify again.

The Board dismissed the appeal from the denial of asylum and withholding based on Petitioner's conviction for a particularly serious crime. But it remanded the Convention claim based on sexual orientation and gender identity. On remand, the immigration judge denied relief. Though there was record evidence of discrimination against gay and transgender people in general, she saw no specific evidence that Petitioner personally would be tortured, let alone proof that it was more likely than not to happen. The judge then denied the motion to reconsider, the Board dismissed both appeals, and we denied the petition for review. *W.R.R. v. Att'y Gen.*, No. 22-1142, 2023 WL 2770946, at \*1 (Apr. 4, 2023).

Petitioner also moved to reopen the Board's proceedings. In support, Petitioner submitted hundreds of pages of additional documents that were allegedly material and unavailable before. The documents included reports by the U.S. State Department, academics, Amnesty International, and United Nations committees, as well as news articles and survey data. And in a supplemental motion to reopen, Petitioner alleged that a recent administrative decision required reconsidering whether the felony conviction counted as a particularly serious crime. Petitioner blamed that crime on mental illness.

The Board denied relief, finding no proof that the new documents or allegations were previously unavailable. Because this case did not involve a remand for corroboration, the Board found no need to hold a supplemental hearing. And it held that the new administrative decision did not require reopening cases to consider mental health. These are the rulings that we review today.

We review the Board's denial of these two motions to reopen "under a highly deferential abuse of discretion standard." *Alzaarir v. Att'y Gen.*, 639 F.3d 86, 89 (3d Cir. 2011) (per curiam). The Board properly denied relief.

First, Petitioner's supplemental evidence was not new. Much of it predated the August 2020 hearing, including the news articles and reports by Amnesty International. Though the academic, United Nations, and some other reports are dated later, they rest on pre-2020 sources. The 2020 and 2021 U.S. State Department reports simply repeat what the State Department had already said in its 2019 report. And although there was a post-hearing survey from 2021, it reached the same findings as a 2016 article and a 2017 report. In other words, the substance of the evidence was available before 2020.

Second, the supplemental evidence was not material either. Like the earlier evidence, the new documents discussed conditions in the Dominican Republic generally, not how Petitioner specifically would fare there. It did nothing to cure the fatal evidentiary gap: the lack of anything tying the generalities to Petitioner personally. We upheld this finding the first time around, and nothing moves the needle here.

Third, Petitioner had no right to a supplemental hearing. Petitioner says our precedent required a supplemental hearing on remand, particularly because Petitioner did not come out as nonbinary until after the August 2020 hearing. But the case Petitioner cites is inapt. In *Abdulai v. Ashcroft*, we held that when the Board remands a case to let an alien corroborate his claim, the Board must give notice and time to gather corroboration. 239 F.3d 542, 554–55 (3d Cir. 2001). But the Board did not remand this case for corroboration or any

4

more factfinding. Plus, we have already held that the Board's remand did not require a new hearing and that Petitioner has already had a chance to testify.

Finally, the new administrative decision does not apply. In 2022, the Attorney General ruled that immigration judges "*may* consider a[n] [alien's] mental health in determining whether" someone convicted of a particularly serious crime poses a danger. *In re B-Z-R-*, 28 I. & N. Dec. 563, 567 (Att'y Gen. 2022) (emphasis added). But that ruling is permissive, not mandatory: judges "may" consider an alien's mental health but need not. *Id.* That case is also prospective, applying only "[g]oing forward." *Id.* It does not support upsetting the removal order already entered. So we will deny the petition for review.